2008-0235
POWERS KIRN, LLC
728 Marne Highway
P.O. Box 848
Moorestown, NJ 08057
856-802-1000
Attorney for Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB
WP0186

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : |
| Syung Yeol Park | : CASE NO. 07-27044 - MS |
| Jong Yea Park | : |
| | : CHAPTER: 7 |
| **Debtor(s)** | : |

BRIEF IN SUPPORT OF MOTION FOR ORDER VACATING AUTOMATIC STAY
<u>AS TO REAL PROPERTY</u>

On November 19, 2007, Syung Yeol Park and Jong Yea Park filed a Chapter 7 Bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey under case number 07-27044 - MS.

The certification of amount due dated February 25, 2008 filed in support of this motion indicates that the total due to the movant was $641,154.61, whereas the market analysis report in support of this motion shows the property to have an approximate market value of $955,000.00.

Accordingly, there does not appear to be equity for the trustee to liquidate the property as follows:

| | |
|---|---|
| $955,000.00 | Estimated Market Value |
| -$95,500.00 | Less: Projected cost of sale (10%) |
| $859,500.00 | = Gross proceeds after cost of sale |
| $641,154.61 | Less: First Mortgage |
| $313,060.00 | Subordinate liens (if any) |
| -$94,714.61 | Proceeds after cost of sale and liens |
| $34,850.00 | Less: Exemption available |
| -$129,564.61 | Projected loss on liquidation |

**ARGUMENT**

11 U.S.C. 362 (d) provides in relevant part that the Court shall grant relief from the stay upon request of a party in interest and after notice and a hearing "(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or (2) with respect to a stay of an act against property under subsection (a) of this section, if--(A) the debtor does not have any equity in such property, and (B) such property is not necessary to an effective reorganization."

Pursuant to 11 U.S.C. 362(g), the party requesting relief from the automatic stay has the burden of proof of the debtor's equity in property, and the party opposing such relief has the burden of proof on all other issues. See Nazareth Nat. Bank v. Trina-Dee, Inc., 731 F.2d 170, 171 (3rd Cir. 1984).

In the decision Matter of Cardell, 88 B.R. 627 (Bankr. D.N.J. 1988), debtors opposed a motion for relief from stay by offering proof that payments were current on the first mortgage and testimony with respect to the value of the residential property. The court concluded that the secured creditor was adequately protected due to the fact that there existed an equity cushion of approximately $480,000 after deducting commissions and other selling expenses. In Matter of Cardell, supra, the request for stay relief was denied by the Honorable Daniel J. Moore, who noted that "[u]nder 362(d)(1), it is clear that once the petition is filed, the burden is on the debtors to show

that the secured creditor's collateral is adequately protected." Matter of Cardell, supra, at 632.

The facts set forth in the certification accompanying the motion establish that the present case does not involve a substantial equity cushion warranting denial of the moving party's motion for relief from the automatic stay. Therefore, the moving party respectfully urges the court to enter the form of order submitted with this application.

        Respectfully submitted,


        /s/ William M. E. Powers, III
        William M. E. Powers, III

Dated:  February 26, 2008